IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,

      Plaintiff,

v.                                     CASE NO. 5:13-cv-357-RS-GRJ

NC ENGLISH, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* civil rights complaint ("complaint"). Plaintiff has been granted leave to proceed as a pauper, and this case is before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

## Plaintiff's Allegations

Plaintiff is an inmate in the custody of the federal Bureau of Prisons. According to his complaint, Plaintiff's claims stem from his underlying convictions in the District of Rhode Island. Plaintiff names among other defendants, Alania Johnson, United States Comptroller General, Eric Holder, United States Attorney General, President Barack Obama, Vice-President Joe Biden, John Boenher, Speaker of the House ,Charles Samuels, Director of the Bureau of Prisons and the Honorable Mary Lisi, the district judge from Rhode Island who originally sentenced Plaintiff. Plaintiff contends that Defendants violated his constitutional rights by unlawfully exercising jurisdiction over

him, are holding him against his will ("physical and mental injury violations"), and are

deliberately indifferent because they refuse to release him.  For relief, Plaintiff seeks

monetary damages in excess of $500 million and an injunction against the United

States to stop his unlawful detention.  (Doc. 1.)

### Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Eleventh Circuit has held that *Heck* applies "with equal force" to challenges

by federal prisoners such as the one Plaintiff attempts to bring here.  *Abella v. Rubino,*

63 F.3d 1063, 1065 (11th Cir. 1995); *Kapordelis v. Danzig*, 387 Fed. Appx. 905, 907

(11th Cir. 2010) (finding prisoner's *Bivens*[1] action for malicious prosecution barred

because success in the action would have called into question the validity of the

prisoner's conviction and sentence).   In this case, Plaintiff's claims clearly stray into

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403
U.S. 388 (1971) (

*Heck* waters, because Plaintiff's contention that Defendants had no jurisdiction to arrest or convict him necessarily implies the invalidity of the conviction. Absent expungement or invalidation of that conviction, Plaintiff's claims are barred by *Heck.*[2]

In addition the fact that Plaintiff's claims are barred by *Heck* the claims against the President, Vice-President, the Speaker of the House and the District Judge who sentenced him are due to be dismissed because these individuals are immune from suit and/or the claims alleged by Plaintiff are frivolous and have no basis in law of fact and therefore are due to be dismissed because the claims are frivolous and seek monetary relief against defendants who are immune from suit.

## Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted because it is barred by *Heck* and the complaint is frivolous and seeks relief against defendants who are immune from suit. It is, therefore, respectfully **RECOMMENDED** that this case should be **DISMISSED with prejudice** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon

---

[2] To the extent Plaintiff may also be attempting to assert a petition for writ of habeas corpus, the Court notes that this Court has already decided on at least two prior occasions that Plaintiff (who was sentenced in July 2009 on federal distribution and possession of child pornography and did not appeal or seek relief under § 2255) is not entitled to habeas relief. *See Hilario v. Warden,* Case No. 5:13-cv-266-WS-GRJ (petition dismissed September 30, 2013 as frivolous); *Hilario v. English,* Case No. 5:13-cv-194-LC-CJK (petition dismissed June 12, 2013 for lack of jurisdiction).

*Case No: 5:13-cv-357-RS-GRJ*

which relief may be granted and because the complaint is frivolous and seeks relief

against defendants who are immune from suit. The case should count as a strike

pursuant to 28 U.S.C. § 1915(g).

      **IN CHAMBERS**  this 29th day of October 2013.

          *s/Gary R. Jones*

          GARY R. JONES
          United States Magistrate Judge

## NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**